```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIYIEM HAGWOOD                    :        CIVIL ACTION
                                  :
        v.                        :
                                  :
DISTRICT ATTORNEY OF COUNTY       :
OF PHILADELPHIA, et al.           :        NO. 13-3536
```

ORDER

AND NOW, this 25th day of November, 2013, upon careful and independent consideration of petitioner Kiyiem Hagwood's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), our Order referring this matter to the Honorable Lynne A. Sitarski for a report and recommendation (docket entry # 3), and Judge Sitarski's report and recommendation ("R&R") (docket entry # 5), to which Hagwood has not filed an objection, and the Court finding that:

(a)  Hagwood was convicted of second-degree murder and related offenses in September 2008, and he received a sentence of life imprisonment without the possibility of parole for the second-degree murder conviction, R&R at 1;

(b)  On September 8, 2011, Hagwood filed a timely pro se petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), and in August 2012, his appointed counsel amended

his petition to raise a claim for relief under Miller v. Alabama, 132 S. Ct. 2455 (2012);

  (c) Hagwood's PCRA petition is still pending, and as such, Judge Sitarski recommends dismissing his federal habeas petition for failure to exhaust his state court remedies, see R&R at 6;

  (d) Because we agree with the reasoning set forth in Judge Sitarski's R&R, and in order to comply with 28 U.S.C. § 2254(b), we will approve and adopt Judge Sitarski's recommendations;

  (e) As Judge Sitarski notes, Hagwood filed his PCRA petition 136 days after his judgment of conviction became final, and because his filing tolls the limitation period for filing a habeas petition, see 28 U.S.C. § 2244(d)(2), he will have more than seven months to re-file his habeas petition after the conclusion of his state court proceedings;

  (f) Finally, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a

determination as to whether a certificate of appealability should issue";

(g)  Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

(h)  We do not believe that reasonable jurists could debate the conclusion that Hagwood has not exhausted his state remedies;

It is hereby ORDERED that:

1.  Judge Sitarski's report and recommendation (docket entry # 3) is APPROVED AND ADOPTED;

2.  Hagwood's petition for habeas corpus (docket entry # 1) is DENIED WITHOUT PREJUDICE for failure to exhaust;

3.  For the reasons stated above, we DECLINE to issue a certificate of appealability; and

       4.   The Clerk of Court shall CLOSE this case statistically.

                                   BY THE COURT:

                                     <u>/s/ Stewart Dalzell, J.</u>